IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

THE TEENY TINY FARM, LLC, and KELLY HARRINGTON,

    *Defendants*.

Case No.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, the United States of America, by authority of the Attorney General of the United States and through its undersigned attorneys, files this Complaint and alleges as follows:

### INTRODUCTION

1. This is a civil action against The Teeny Tiny Farm, LLC, ("Teeny Tiny Farm") and its registered agent Kelly Harrington (collectively, "Defendants") for violations of the Animal Welfare Act ("AWA") and its implementing regulations.

2. Teeny Tiny Farm holds an AWA Class C "exhibitor" license issued by the U.S. Department of Agriculture ("USDA") to exhibit guinea pigs, rabbits, and various farm animals housed at a facility in Suffolk, Virginia. Defendants exhibit animals through traveling petting zoo parties, themed pony parties, event pony rides, and providing live animals for living nativity scenes. Defendants receive compensation for these exhibitions.

1

3. Congress enacted the AWA for a number of purposes, including to ensure that animals used for exhibition are provided humane care and treatment. 7 U.S.C. § 2131. The AWA imposes "minimum requirements" for handling, housing, feeding, watering, sanitation, and adequate veterinary care, among other requirements. *Id.* § 2143(a)(2)(A).

4. An essential aspect of AWA enforcement is the unannounced inspection conducted by USDA's Animal and Plant Health Inspection Service ("APHIS"), which allows officials to accurately assess a licensee's compliance with the AWA, its regulations, and its standards, and ensure the wellbeing of AWA-regulated animals.

5. Licensees are required during business hours to allow APHIS officials to enter the place of business to inspect the facilities, records, and animals. 9 C.F.R. § 2.126(a). However, Defendants have failed to provide APHIS officials access to the facility since April of 2023, despite APHIS officials' seven separate attempts to inspect the facility in the last eight months, six of which resulted in citations. Defendants' failure to provide APHIS officials access to the facility has prevented APHIS officials from ensuring the welfare of the animals in Defendants' care as required by the AWA and its regulations. 7 U.S.C. § 2146(a); 9 C.F.R. § 2.126.

6. For the following reasons, the United States complains and seeks a temporary restraining order as well as other injunctive and declaratory relief.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action pursuant to 7 U.S.C. § 2146(c) (actions arising under the AWA); 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1345 (United States as plaintiff).

8. Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1391 because the Defendants reside in Suffolk, Virginia, which

is within this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

9. The Court may grant the requested relief under the AWA, 7 U.S.C. § 2146(c), and 28 U.S.C. §§ 2201 and 2202 (declaratory and injunctive relief).

## THE PARTIES

10. The Plaintiff is the United States of America. Authority to bring this action is vested in the Attorney General of the United States pursuant to 28 U.S.C. §§ 516 and 519, and 7 U.S.C. § 2146(c).

11. Defendant Teeny Tiny Farm is a limited liability corporation registered in the Commonwealth of Virginia. Its address is 1904 Jenkins Mill Rd., Suffolk, Virginia 23437 (hereinafter, "Facility"). Teeny Tiny Farm exhibits animals that are the subject of this action and has been issued a USDA Class "C" license.

12. Teeny Tiny Farm is a "person" as defined by 7 U.S.C. § 2132(a) because it is a corporation or other legal entity.

13. Defendant Kelly Harrington is an individual whose address is 1904 Jenkins Mill Rd., Suffolk, Virginia 23437. Ms. Harrington owns and exhibits animals that are the subject of this action. Ms. Harrington signed Teeny Tiny Farm's relicensing application as the company's "Authorized Agent" and is listed as Teeny Tiny Farm's "registered agent" with the Commonwealth of Virginia.

14. Ms. Harrington is a "person" as defined by 7 U.S.C. § 2132(a) because she is an individual.

## LEGAL BACKGROUND

15. The AWA was enacted to "insure that animals intended . . . for exhibition

purposes . . . are provided humane care and treatment." 7 U.S.C. § 2131(1). The AWA establishes minimum standards of care and treatment to be provided for certain animals bred and sold for use as pets, used in biomedical research, transported commercially, or exhibited to the public. *See generally Id.* § 2131 *et seq.*

16. The AWA is administered by the Secretary of Agriculture or his representative. 7 U.S.C. §§ 2132(b), 2146. The AWA requires the Secretary to "promulgate standards to govern the humane handling, care, treatment, and transportation of animals by dealers, research facilities, and exhibitors," *id.* § 2143(a), and authorizes the Secretary to "promulgate such rules, regulations, and orders as he may deem necessary in order to effectuate the purposes of [the AWA]," *id.* § 2151. The Secretary has delegated his authority to the APHIS Administrator. APHIS's Animal Care inspectors conduct inspections of facilities to determine compliance with the AWA and its implementing regulations.

17. The AWA defines an "exhibitor" as "any person (public or private) exhibiting any animals, which were purchased in commerce or the intended distribution of which affects commerce, or will affect commerce, to the public for compensation, as determined by the Secretary." 7 U.S.C. § 2132(h); 9 C.F.R. § 1.1. Exhibitors must obtain and maintain a valid "Class C" license from the USDA. 7 U.S.C. §§ 2133, 2134; 9 C.F.R. §§ 1.1, 2.1-2.12.

18. The Secretary shall issue a license to an exhibitor upon application, provided that no such license shall be issued until the exhibitor has demonstrated that their facilities comply with the standards promulgated by the Secretary pursuant to 7 U.S.C. § 2143. *Id.* § 2133.

19. By signing the application form, the applicant acknowledges that they have reviewed the AWA and its regulations and standards and "agrees to comply with them." 9 C.F.R. § 2.2.

20. The Secretary has promulgated regulations and standards to govern the humane handling, care, treatment, and transportation by exhibitors, which include the minimum requirements for handling, housing, feeding, watering, sanitation, ventilation, shelter from extreme weather and temperatures, adequate veterinary care, and separation by species. 7 U.S.C. § 2143(a)(1)-(a)(2)(A). Exhibitors must comply in all respects with the regulations and standards for the humane handling, care, treatment, and transportation of AWA-regulated animals. 9 C.F.R. § 2.100(a).

21. The AWA requires the Secretary to make investigations and inspections as necessary to determine whether any exhibitor has violated any provision of the AWA or any regulation or standard issued thereunder. 7 U.S.C. § 2146(a). The AWA requires that "the Secretary shall, at all reasonable times, have access to the places of business and the facilities, animals, and those records required to be kept pursuant to section 2140 of this title." *Id.* Additionally, records required to be maintained by 7 U.S.C. § 2140 and the regulations and standards issued by the Secretary pursuant to that Section "shall be made available at all reasonable times for inspection and copying by the Secretary." *Id.* § 2140.

22. Specifically, each exhibitor "shall, during business hours, allow APHIS officials:

(1) To enter its place of business;
(2) To examine records required to be kept by the Act and the regulations in this part;
(3) To make copies of the records;
(4) To inspect and photograph the facilities, property and animals, as the APHIS officials consider necessary to enforce the provisions of the Act, the regulations and the standards in this subchapter; and
(5) To document, by the taking of photographs and other means, conditions and areas of noncompliance."

9 C.F.R. § 2.126(a).

23. Additionally, "[t]he use of a room, table, or other facilities necessary for the proper examination of the records and inspection of the property or animals must be extended to

APHIS officials . . . , and a responsible adult shall be made available to accompany APHIS officials during the inspection process." 9 C.F.R. § 2.126(b).

24. Exhibitors must make, keep, and retain records for at least one year pertaining to the purchase, sale, transportation, identification, and previous ownership of the animal, which fully and correctly discloses information concerning the animal purchased or otherwise acquired, owned, held, leased, or otherwise in his or her possession or under his or her control, or which is transported, sold, euthanized, or otherwise disposed of by that exhibitor. 7 U.S.C. § 2140; 9 C.F.R. §§ 2.8, 2.75(b)(1)-(3). The records must include any offspring born of any animal while in the exhibitor's possession or under their control. 9 C.F.R. § 2.75(b)(1).

25. Under the AWA, United States district courts "are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of [the AWA], and shall have jurisdiction in all other kinds of cases arising under [the AWA]," except in one instance not applicable here. 7 U.S.C. § 2146(c).

**FACTUAL BACKGROUND**

26. USDA approved the relicensing application for Class C license number 52-C-0289 held by Teeny Tiny Farm in August 2022 for the purpose of exhibiting animals housed at the Facility in Suffolk, Virginia. By signing the application form for the license renewal, Ms. Harrington acknowledged that she had reviewed the AWA and its implementing regulations and standards and agreed to comply with them. *See* 9 C.F.R. § 2.2. Based on APHIS's inspection of the Facility in April 2023, Defendants had in their possession, control, or care: 1 cow, 16 goats, 11 rabbits, 3 guinea pigs, 3 pigs, 11 sheep, 5 zebu, 4 llamas, and 3 alpacas, for a total of 57 animals. *See* April 26 Inspection Report at 4, attached as Ex. A.

27. At the same April 2023 inspection, APHIS officials identified three non-

compliant items at the Facility, including the failure to adequately maintain acquisition and disposition records in violation of 9 C.F.R. § 2.75(b)(1), failure to develop a complete written contingency plan to provide humane care in the event of an emergency in violation of 9 C.F.R. § 2.134(a), and failure to achieve effective management of pests in violation of 9 C.F.R. § 3.131(d). *See* Ex. A at 2-3.

28. Defendants have not granted APHIS inspectors access to the Facility since the April 26, 2023, inspection.

29. Over the past eight months, Defendants have repeatedly failed to allow APHIS inspectors to access the Facility in violation of 7 U.S.C. § 2146(a) and 9 C.F.R. § 2.126. APHIS inspectors have cited Defendants for access violations on July 13, 2023, August 30, 2023, October 10, 2023, November 21, 2023, December 13, 2023, and January 25, 2024.[1] *See* July 13, 2023 Inspection Report, attached as Ex. B; August 30, 2023 Inspection Report, attached as Ex. C; October 10, 2023 Attempted Inspection Report, attached as Ex. D; November 21, 2023 Attempted Inspection Report, attached as Ex. E; December 13, 2023 Attempted Inspection Report, attached as Ex. F; January 25, 2024 Attempted Inspection Report, attached as Ex. G.

30. Unannounced inspections are critical to ensuring that APHIS inspectors can accurately assess a licensee's compliance with the AWA, its regulations, and standards, and ensure the well-being of AWA-regulated animals.

31. Because APHIS inspectors have not been granted access to the Facility since April 2023, APHIS inspectors have not been able to ensure the health and welfare of the animals at Teeny Tiny Farm or determine whether the non-compliant items cited during the April 2023

---

[1] The January 25, 2024, Inspection Report is subject to appeal by the licensee within 21 days of the date the Inspection Report was received by the licensee.  9 C.F.R. § 2.13.  As of the filing of this Complaint, that time has not yet run.

inspection have been corrected.

32. While the regulations require licensees to provide access for inspections during all business hours, APHIS allows licensees to designate "optimal hours" for inspections between 7 AM and 7 PM Monday through Friday. On August 2, 2022, APHIS officials confirmed with Ms. Harrington that the optimal hours for unannounced inspections of the Facility are from 7 AM to 11 AM on Tuesdays, Wednesdays, and Thursdays of each week. Ms. Harrington also provided her contact information as well as contact information for Jim Johnson, who is listed as Teeny Tiny Farm's facility representative and secondary contact. *See* Facility Contact Worksheet, attached as Ex. H.

33. On June 28, 2023, the APHIS inspector returned to Teeny Tiny Farm during business hours, but no one was available to provide access to the Facility. Because this visit was outside of the licensee's designated "optimal hours" for an inspection, the APHIS inspector did not issue a citation for violating the inspection requirement in 9 C.F.R. § 2.126, in accordance with USDA's Animal Welfare Inspection Guide.

34. On July 13, 2023, a responsible adult was not available at the Facility to accompany APHIS officials during the inspection process. An APHIS inspector first attempted to contact Ms. Harrington through a text message at approximately 8:42 AM, but Ms. Harrington was unresponsive. The inspector then attempted to contact Jim Johnson, who responded after the inspector left to inspect another facility. The inspector offered to return to the Facility later in the day, to which Mr. Johnson agreed.

35. Later that day, the inspector texted Mr. Johnson to let him know that she would return to the Facility in approximately 10 minutes. Mr. Johnson responded that he was at the Facility and that he would be looking for her at the second gate to the property. However, after

8

waiting at the second gate and attempting to contact Mr. Johnson multiple times once the inspector arrived, Mr. Johnson failed to respond to the inspector and never arrived at the gate to let the inspector in. The inspector left and completed an Attempted Inspection Report, citing Teeny Tiny Farm for violating 9 C.F.R. § 2.126. *See* Ex. B.

36. On August 30, 2023, from approximately 10:27 AM to 10:52 AM, a responsible adult was not available at the Facility to accompany APHIS officials during the inspection process. After being unable to reach Ms. Harrington or Mr. Johnson through phone calls and texts, APHIS officials contacted a second facility representative who resides in a different state. The representative verified that the current phone number on file for the licensee was correct and stated that no responsible adult would be present to facilitate an inspection throughout the remainder of the day. The inspector left the premises and completed an Attempted Inspection Report, citing Teeny Tiny Farm for violating 9 C.F.R. § 2.126. *See* Ex. C.

37. On October 10, 2023, from approximately 9:49 AM to 10:49 AM, a responsible adult was not available at the Facility to accompany APHIS officials during the inspection process. After Ms. Harrington did not respond to a phone call or text message, APHIS officials were able to reach another facility representative who resides in a different state. The representative stated that they attempted to contact Ms. Harrington, but that they were also unable to do so and were not aware of another responsible adult that could facilitate the inspection that day. The inspector left the Facility and texted Ms. Harrington to inquire whether the optimal hours and points of contact on file for the Facility were still correct. Ms. Harrington did not respond. The inspector issued an Attempted Inspection Report, citing Teeny Tiny Farm for violating 9 C.F.R. § 2.126. *See* Ex. D.

38. On October 25, 2023, APHIS officials sent a letter to Ms. Harrington requesting

that she contact APHIS officials as soon as possible to discuss Ms. Harrington's availability so that APHIS officials can assist her with finding alternative arrangements for completing unannounced inspections. October 25, 2023, Letter, attached as Ex. I. USDA did not receive any response to the letter.

39. On November 21, 2023, from approximately 10:31 AM to 11:32 AM, a responsible adult was not available at the Facility to accompany APHIS officials during the inspection process. An APHIS inspector first attempted to contact Ms. Harrington when they arrived at the Facility via phone call and text message; however, Ms. Harrington did not reply. The inspector attempted to contact a secondary facility contact at approximately 10:54 AM; however, the secondary contact also did not reply. The inspector left a voicemail for both Ms. Harrington and the secondary facility contact. While waiting outside of the Facility, the inspector observed a person who appeared to be removing tools from the back of a truck just inside the inner gate of the Facility. The inspector also observed pet dogs running up to the inner gate where the inspector was located and barking at the inspector. The dogs were in close proximity to the person observed removing tools from a truck. The person did not come to the gate or acknowledge the presence of the inspector's vehicle. The inspector issued an Attempted Inspection Report, citing Teeny Tiny Farm for violating 9 C.F.R. § 2.126. *See* Ex. E.

40. On December 13, 2023, from approximately 10:18 AM to 11:00 AM, a responsible adult was not available at the Facility to accompany APHIS officials during the inspection process. The inspector first attempted to make contact at the Facility starting at 10:18 AM via phone call and text message to Ms. Harrington, however, there was no reply. A phone call to a secondary facility contact was attempted at 10:23 AM, however, there was no reply. A voicemail was left by the inspector for both the licensee and the secondary facility contact. A

phone call was made to another, additional facility contact at 10:26 AM however there was no answer and the voicemailbox was full so the inspector was unable to leave a message. The inspector issued an Attempted Inspection Report, citing Teeny Tiny Farm for violating 9 C.F.R. § 2.126. *See* Ex. F.

41. On January 18, 2024, APHIS officials sent a letter of information to Ms. Harrington that outlined the requirements for complying with the AWA and its regulations as a licensed Class C Exhibitor, including the requirement that exhibitors provide APHIS officials access to their Facility for unannounced inspections. The letter also referenced APHIS officials' various attempts to inspect the Facility over the past eight months and provided that a failure to comply with the AWA and its regulations may result in an enforcement action against her. January 18, 2024, Letter of Information, attached as Ex. J.

42. On January 25, 2024, from approximately 8:42 AM to 9:18 AM, a responsible adult was not available at the Facility to accompany APHIS officials during the inspection process. An APHIS inspector first attempted to make contact at the Facility via phone calls to Ms. Harrington, Mr. Johnson, and the Facility's Office Manager. The inspector left voicemail messages for Ms. Harrington and the Facility's Office Manager requesting a call back, but was unable to leave Mr. Johnson a voicemail as his voicemail inbox was full. The inspector also sent text messages to Ms. Harrington and Mr. Johnson alerting them of the inspector's arrival and their intent to conduct an unannounced inspection. While waiting outside of the Facility's gate, APHIS officials honked their car horn approximately six times to alert their presence to anyone on the property. All attempts to contact facility representatives received no response. The inspector issued an Attempted Inspection Report, citing Teeny Tiny Farm for violating 9 C.F.R. § 2.126. *See* Ex. G.

## CLAIM FOR RELIEF

**Defendants failed to provide access to inspect records, property, and animals in violation of 7 U.S.C. § 2146(a) and 9 C.F.R. § 2.126.**

43.     The United States incorporates by reference all allegations of the Complaint.

44.     Teeny Tiny Farm and Ms. Harrington are "exhibitors" as defined under the AWA because they exhibit animals, "which were purchased in commerce or the intended distribution of which affects commerce, or will affect commerce, to the public for compensation." 7 U.S.C. § 2132(h); 9 C.F.R. § 1.1.

45.     As set forth above, Defendants are violating the AWA and its implementing regulations by failing to provide APHIS officials with access to inspect records, property, and animals at the Facility in violation of 7 U.S.C. § 2146(a) and 9 C.F.R. § 2.126.

46.     Unless enjoined, Defendants will continue to violate the AWA and its implementing regulations and prevent APHIS officials from ensuring the health and welfare of the animals at the Facility.

47.     The United States is entitled to a declaratory judgment that Defendants have violated the AWA and its implementing regulations by failing to provide APHIS officials access to the Facility to conduct an inspection. 28 U.S.C. § 2201. The United States is also entitled to an injunction to prevent and restrain Defendants from operating in violation of the AWA and its implementing regulations and standards. 7 U.S.C. § 2146(c).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Declare that Defendants have violated and continue to violate the AWA, 7 U.S.C. § 2146(a), and 9 C.F.R. § 2.126.

2. Preliminarily and permanently enjoin and restrain Defendants from violating the AWA pursuant to 7 U.S.C. § 2146(c), specifically by requiring Defendants to:

    a. allow APHIS officials, during business hours, to enter the Facility for an unannounced inspection and ensure that a responsible adult is made available to accompany APHIS officials during the inspection process;

    b. allow APHIS officials, during business hours, to examine records required to be kept by the AWA and its implementing regulations and standards, to make copies of the records, to inspect and photograph the facilities, property, and animals, as the APHIS officials consider necessary, and to document conditions and areas of noncompliance; and

3. Preliminarily enjoin Defendants from acquiring or disposing of animals regulated by the AWA unless and until Defendants come into compliance with the AWA and the terms of the injunction;

4. Award the United States its costs in this action; and

5. Grant other relief that the Court deems just and proper.

DATED: January 29, 2024　　　　　　　　　Respectfully submitted,

    TODD KIM
    Assistant Attorney General
    Environment & Natural Resources Division

    */s/ Devon L. Flanagan*
    DEVON L. FLANAGAN
    Senior Trial Attorney (V.A. Bar No. 87444)
    BONNIE BALLARD
    Trial Attorney (M.D. Bar No. 2211280027)
    Wildlife & Marine Resources Section
    P.O. Box 7611, Ben Franklin Station
    Washington, DC 20044-7611
    devon.flanagan@usdoj.gov
    bonnie.m.ballard@usdoj.gov
    Phone:  (202) 305-0201 (Flanagan)
    　　　　(202) 532-5567 (Ballard)
    Fax:    (202) 305-0275

    JESSICA D. ABER
    United States Attorney

    */s/ Daniel P. Shean*
    DANIEL P. SHEAN
    Assistant U.S. Attorney (V.A. Bar No. 84432)
    U.S. Attorney's Office

101 W. Main St., Ste. 8000  
Norfolk, VA 23510  
daniel.shean@usdoj.gov  
Phone:  (757) 441-6331  
Fax:     (757) 441-6689  

*Attorneys for the United States of America*

14